IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTSY LABS, LLC;<br>ZURU INC., | )<br>)<br>) |
| Plaintiffs, | ) Case No.: 1:21-cv-03289<br>) |
| v. | ) Judge Rebecca R. Pallmeyer<br>) |
| THE INDIVIDUALS, CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS, AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON<br>SCHEDULE A HERETO, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION (DKT. NO. 83)**

Plaintiffs ANTSY LABS, LLC and ZURU INC. (together, "Plaintiffs"), by and through their undersigned counsel, hereby respectfully submit their response in opposition to the Motion to Dissolve Preliminary Injunction ("Motion", Dkt. No. 83) brought by Defendants amazing5c, dreamhouse2020, happyonlineshop, and salonmarket2020 (collectively, "Defendants") as follows.

**INTRODUCTION**

The Court should deny Defendants' Motion, which seeks untenable relief in light of the facts of this case and governing law. Defendants fail to credibly identify any equitable basis or changed circumstances to warrant the Court's dissolution of its well-reasoned Preliminary Injunction order. Throughout the Motion, Defendants omit or overlook the facts in the record that are fatal to different arguments, and they even take positions that contradict their own assertions in the Motion and prior briefing. In addition to undermining their credibility, Defendants concede Plaintiffs' likelihood of success on the merits, and fail to meet their burden to show that the Preliminary Injunction should be discontinued on other grounds under governing law.

1

## BACKGROUND

Plaintiffs filed this action on June 18, 2021, to combat Defendants' sales and offers to sell products infringing on Plaintiffs' copyrights in FIDGET CUBE products, through various online marketplace accounts with eBay.com ("eBay"). (Dkt. 1.) On June 24, 2021, the Court granted and entered the Temporary Restraining Order ("TRO"). (Dkt. 12, 13.) On July 7, 2021, the Court granted and entered the Preliminary Injunction Order. (Dkt. 19.)

In entering the Preliminary Injunction, this Court found that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation. (*Id.* at 2.) The Court concluded that the evidence submitted in support of the TRO established "that Plaintiffs have demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiffs will suffer irreparable harm if the injunction is not granted." (*Id.*) Specifically, Plaintiffs presented evidence of a *prima facie* case of copyright infringement against each Defendant, and Defendants' use of the FIDGET CUBE Copyrights is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiffs. (*Id.* at 3.) The Court also concluded that "Defendants' continued and unauthorized use of the FIDGET CUBE Copyrights irreparably harms PLAINTIFFS through diminished goodwill and brand confidence, damage to PLAINTIFFS' reputation, loss of exclusivity, and loss of future sales," which monetary damages fail to address. (*Id.*) In addition, the Court found that the Preliminary Injunction serves the public interest to dispel the public confusion created by Defendants' actions. (*Id.*)

## ARGUMENT

The Court should deny Defendants' Motion because under governing law this Court appropriately determined that Plaintiffs established each element for preliminary injunctive relief. Whether to dissolve the preliminary injunction rests squarely within the Court's discretion. *See qad. Inc. v. ALN Assoc., Inc.*, 974 F.2d 834, 837 (7th Cir. 1992); *Sprint Commc'ns Co. L.P. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 241 (3d Cir. 2003) (power to dissolve a preliminary injunction is entrusted to the trial court's discretion). "The standard that the district court must apply when considering a motion to dissolve an injunction is whether the movant has made a showing that

2

changed circumstances warrant the discontinuation of the order." *Id.* (quoting *Twp. of Franklin Sewerage Auth. v. Middlesex County Utils. Auth.*, 787 F.2d 117, 121 (3d Cir.1986).

### A. Defendants' Argument that the Preliminary Injunction Against amazing5c Was Not Supported by Evidence Is Wrong.

Defendants' initial argument falls flat. They argue that the evidence submitted with the Drysdale Declaration did not include any evidence of infringement with respect to Defendant amazing5c, and so Plaintiffs have not established a likelihood of success or a finding of irreparable harm regarding amazing5c. (Dkt. 83, at 2–3.) That is false, and indeed after Defendants filed the Motion, Plaintiffs' counsel alerted Defendants' counsel to that misrepresentation after the Motion was filed. The files evidencing infringement for amazing5c, from July 2018 and December 2018, were included in Docket Entry 9, at pages 267 through 278, attached hereto as **Exhibit A** for the Court's convenient reference. Those files show amazing5c offering to sell its so-called "Fidget Cube" toy with images strikingly similar to Plaintiffs' FIDGET CUBE product, embodying Plaintiffs' federal FIDGET CUBE copyright registration. *See* Ex. A. Despite their awareness that this argument is false, Defendants did not seek to amend or withdraw their Motion. Regardless, Defendants' position indicates that evidence of infringement is sufficient for purposes of the preliminary injunction to establish a likelihood of success on the merits and a finding of irreparable harm. (*See* Dkt. 83, at 3.) Because the preliminary injunction against amazing5c was supported by *prima facie* evidence of copyright infringement, the Court should reject Defendants' argument to the contrary.

### B. As this Court Previously Found, Plaintiffs Have Demonstrated Likelihood of Irreparable Injury and Inadequate Remedy at Law Absent the Injunction.

Defendants do not raise any credible basis or changed circumstances to show an absence of irreparable harm or adequate remedy at law. Instead, Defendants first contend that the delay between Plaintiffs' discovery of Defendants' infringing activities, in the course of Plaintiffs' investigation leading to this case, and the filing of suit indicates "a lack of need" for a preliminary injunction and no irreparable harm. (Dkt. 83, at 3–5.) Second, based on the demonstrably false

3

predicate that Defendants stopped selling the infringing products in August 2018, Defendants conclude that the preliminary injunction does not prevent irreparable harm beyond the damage already done. (*Id.* at 5–6.) Finally, Defendants contend that harm to Plaintiffs' business, including damage to the goodwill and reputation of their brand, and related loss of business, do not qualify as irreparable harm with inadequate remedy at law because Defendants' infringing activities are "legitimate competition" that cannot serve as the basis for an injunction. (*Id.* at 6–8.) Each argument is addressed in turn below, however, the throughline is that none of these contentions raise changed circumstances to warrant disturbing the Court's Preliminary Injunction Order.

> 1. As this Court has already found, the damage to Plaintiffs' goodwill, reputation, and business from Defendants' infringing activities are irreparable harm with an inadequate remedy at law.

"At the preliminary injunction stage, the burden on the plaintiff to show irreparable harm from copyright infringement is light." *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1111 (N.D. Ill. 2005) (citing *Midway Mfg. Co. v. Arctic Int'l, Inc.*, 547 F. Supp. 999, 1014 (N.D. Ill. 1982)). "Copyright claims that show a likelihood of success entitle the holder to a rebuttable presumption of irreparable harm." *Id.* (citing *Atari, Inc. v. N. Am. Philips Consumer Elec. Corp.*, 672 F.2d 607 (7th Cir. 1982)).

"The Seventh Circuit has 'clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy.'" *Luxottica USA LLC v. The Partnerships & Unincorporated Associations Identified On Schedule "A"*, No. 14 C 9061, 2015 WL 3818622, at *4 (N.D. Ill. June 18, 2015) (quoting *Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir.2001)). Counterfeiting erodes consumer goodwill in a plaintiff's brand "and constitutes irreparable harm for which there is no adequate remedy at law." *Id.* The irreparable harm from loss of goodwill, which is "unquantifiable and therefore irreparable," applicable to trademark cases applies to copyrights as well. *Spinmaster*, 404 F. Supp. 2d at 1111 (citing *Ty, Inc. v. GMA Associates, Inc.*, 132 F.3d 1167, 1173 (7th Cir. 1997)). "The Seventh Circuit and other courts have held that 'the most corrosive irreparable harm'

4

attributable to copyright infringement is the victim's inability to control the nature and quality of the infringer's goods." *Jefferson v. Johnson Publ'g, Inc.*, No. 92-c-7011, 1992 WL 318615, at *2 (N.D. Ill. Oct. 28, 1992) (collecting cases). As such, monetary damages are likely to be inadequate compensation for such harm. *Ideal Indus., Inc. v. Gardner Bender, Inc.*, 612 F.2d 1018, 1026 (7th Cir. 1979). The extent of the harm to Plaintiffs' reputation and goodwill and the possible diversion of customers due to loss in brand confidence are both irreparable and incalculable, thus warranting the relief in the Preliminary Injunction order. *See Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) (finding damages to plaintiffs' goodwill was irreparable harm for which plaintiffs had no adequate remedy at law). A plaintiff with a copyright infringement claim "has the right to protect their reputation as well as their sales from infringers." *Spinmaster*, 404 F. Supp. 2d at 1111.

Tellingly, Defendants do not address the foregoing authorities, which support the Court's entry of the Preliminary Injunction in this case. None of the authorities Defendants cite are on point. The "lost sales" cases cited do not address harms to reputation and goodwill, instead focusing on losses related to breach of contract disputes. (Dkt. 83, at 6–7.) Similarly, the "goodwill" cases Defendants cite largely concern inapposite breach of contract disputes. (*Id.* at 7–8.) Defendants otherwise misplace reliance on *Illinois Tamale Co. v. El-Greg, Inc.*, No. 16-5387, 2019 WL 4395139 (N.D. Ill. Sept. 13, 2019), which concerned post-jury trial briefing for a permanent injunction, and is inapposite to this case in its current posture.

Defendants' Motion does not challenge the Court's finding of Plaintiffs' likelihood of success on the merits of copyright infringement, which alone establishes a rebuttable presumption of irreparable harm. *Spinmaster*, 404 F. Supp. 2d at 1111. In addition, the declaration of Stephen Drysdale and evidence submitted therewith establish the irreparable harm an inadequate remedy at law from Defendants' infringing activities. (Dkt. 7-2, ¶¶ 18–23; Dkt. 9–9-6.) On the record in this case, the Court appropriately held that Plaintiffs established irreparable harm an inadequate remedy at law, and Defendants offer no evidence or authority that might support a contrary finding.

5

> 2. The delay between discovering Defendants' infringing activities and seeking relief does not preclude the Court's finding of irreparable harm.

Defendants separately argue that this Court should not have entered the TRO or Preliminary Injunction order because of the purported delay in Plaintiffs seeking injunctive relief. (Dkt. 83, at 3–5.) The argument points to no changed circumstances since this Court's entry of the Preliminary Injunction that would warrant the Court to reverse its finding on irreparable harm. All the cases Defendants cite on this issue involve the denial of a motion for preliminary injunction (Dkt. 83, at 3–4)—in no case cited, or otherwise (as far as Plaintiffs can discern), has a district court considering a motion to dissolve a preliminary injunction found no irreparable harm based on delay.

Furthermore, "the length of the delay, on its own, is not dispositive. A lengthy delay might not undermine an irreparable harm claim if the delay was caused by 'the plaintiff's making good faith efforts to investigate the alleged infringement.'" *Life After Hate, Inc. v. Free Radicals Project, Inc.*, 410 F. Supp. 3d 891, 910 (N.D. Ill. 2019) ("*LAH*") (quoting *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995)). In *LAH*, there was a 14-month delay between the plaintiff's discovery of infringement and when it filed suit seeking injunctive relief. *Id.* at 909. The court concluded that the plaintiff demonstrated good faith efforts during that time to investigate and prosecute its trademark rights, and there was no indication that the plaintiff did not act to promptly bring suit. *Id.* at 909–910.

This case is analogous to *LAH* on this point. One of the key distinctions from that case is *LAH* involved one defendant (plus his new entity), while the instant matter involves extensive counterfeiting and infringement of Plaintiffs' copyrights with nearly 250 eBay stores selling infringing FIDGET CUBE products. Defendants' infringing activities were identified as part of Plaintiffs' anti-counterfeiting program involving investigation of online marketplace listings, *inter alia*. (See Dkt. 7-2, ¶ 10.) Despite Plaintiffs' enforcement effort online, Defendants' infringing activities persisted. (*Id.*) Each Defendant Internet Store is analyzed to determine that the products are not licensed or authorized, counterfeit, and that they are being offered for sale in the United

6

States, including Illinois. (*Id.* ¶ 11.) Plaintiffs also have needed to navigate tactics by defendants in this case to evade enforcement efforts, in what appears to be a massive counterfeiting operation. (*Id.* ¶¶ 14–16.) Given the breadth of infringing activities and the related investigation, the time between the screenshots of Defendants infringing activities and when Plaintiffs' sought injunctive relief is indicative of good faith efforts to investigate and prosecute their copyright rights promptly.

        3.        <u>Defendants' false contention that they stopped selling the infringing products in August 2018 does not demonstrate lack of irreparable harm.</u>

Defendants transparently attempt to mislead the Court by asserting that their stores stopped offering the infringing products for sale "by August 2018." (Dkt. 83, at 5; Dkt. 83-2, ¶¶ 3–6 & Ex. A.) The record before the Court unequivocally shows that Defendants continued to sell the infringing products after August 2018. The *prima facie* evidence of copyright infringement for each Defendant's eBay stores are dated *after* August 2018. (*See* Dkt. 9, at 277 (amazing5c offering "Fidget Cube" on Dec. 12, 2018); Dkt. 9-1, at 327 (dreamhouse2020 offering "Fidget Cube" on Dec. 13, 2018); Dkt. 9-2, at 337 (happyonlineshop offering "Fidget Cube" on Dec. 10, 2018); and Dkt. 9-4 (salonmarket2020 offering "Fidget Cube" on Dec. 10, 2018).) Consequently, it is reasonable to infer that August 2018 is an artificial, inaccurate endpoint selected to persuade the Court to grant the relief Defendants seek.

Even assuming arguendo that Defendants voluntarily ceased selling the infringing products in August 2018, the Court still properly entered the Preliminary Injunction order against Defendants here to prevent future irreparable harm. "The court's power to grant injunctive relief survives the voluntary cessation of the illegal conduct, but there must be a reasonable probability that the statutory violations will recur." *Sarafin v. Sears, Roebuck & Co., Inc.*, 446 F. Supp. 611, 614 (N.D. Ill. 1978) (citing *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953)); *see also Bally Mfg. Corp. v. JS&A Group, Inc.*, 410 N.E.2d 321, 327 (Ill. App. Ct. 1980) ("A court should not grant injunctive relief to prevent in the future conduct which in good faith has been discontinued prior to the commencement of the action in the absence of evidence that the offense is likely to be repeated in the future."). If Defendants' assertion that they ceased selling the

infringing products in August 2018 is correct, then there is evidence and a reasonable probability that the infringing conduct is likely to be repeated absent injunctive relief. The infringing conduct recurred at least starting in December 2018, as noted above, which shows that the purported voluntary cessation of the illegal conduct in August 2018 is so the related irreparable harm persists, warranting the Preliminary Injunction.

        **C.    The Balance of Harm Weighs in Plaintiffs' Favor in Support of the Preliminary Injunction.**

Defendants' fail to offer any credible basis for the Court to determine that its prior ruling that the balance of harm weighs in favor of Plaintiffs was in error. They appear to argue that the injunction inflicts harm on Defendants because it currently affects sales of other non-infringing products offered by Defendant storefronts unrelated to the subject matter of this lawsuit. (Motion, at 8.) However, Defendants have also represented to the Court that "[t]he Defendants stores were closed in mid-2020, about a year before the litigation commenced . . . ." (Dkt. 74, at 4.) These contradictory positions do not provide the Court any credible grounds to find the purported harm to Defendants or public as they suggest in the Motion.

By contrast, the harms to Plaintiffs and the public absent the injunction are well established in favor of Plaintiffs' position. "The Seventh Circuit uses a sliding scale approach in which the more likely it is that a plaintiff will succeed on the merits, then the less the balance of irreparable harms must favor the plaintiff's position." *Kastanis v. Eggstacy LLC*, 752 F. Supp. 2d 842, 858 (N.D. Ill. 2010) (citing *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)). Here, this Court found a likelihood of success on the merits of copyright infringement, and prima facie evidence of copyright infringement, which Defendants do not challenge in the Motion. The public interest weighs in favor of the Preliminary Injunction. "The public has an interest in 'preserving the integrity of the copyright laws which seek to encourage individual effort and creativity by granting valuable enforceable rights.'" *Spinmaster*, 404 F. Supp. 2d at 1112 (quoting *Atari, Inc.*, 672 F.2d at 620). Considering that the Court has found likelihood of success on the merits of Plaintiffs' copyright infringement claim, allowing Defendants to continue their operations pending

trial would run against the public interest by discouraging creativity due to lack of protection to creator's rights. *Id.* Accordingly, as this Court previously found, the record here shows balance of harms weigh in favor of Plaintiffs and the Court should affirm the Preliminary Injunction.

### D. Defendants Fail to Meet Their Burden to Limit the Asset Restraint on Their PayPal Account.

Defendants fail to meet their burden to show that the assets restrained in the PayPal account are not the proceeds of counterfeiting activities. "To exempt assets from an asset freeze, the burden is on the party seeking relief to present documentary proof that particular assets are not the proceeds of counterfeiting activities." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015) (cleaned up) (quoting *Luxottica USA LLC v. The Partnerships, et al.*, No. 1:14–cv–09061, 2015 WL 3818622 (N.D. Ill. June 18, 2015)). First, as an initial matter, Defendants have not submitted any evidence regarding their PayPal account transactions to show that the funds are not the proceeds of counterfeiting activities, which is a sufficient basis to decline to modify the asset restraint. *Id.* (declining to modify asset restraint on entire PayPal account where defendants did not submit any evidence of PayPal account transactions).

Second, the record in this case shows that the purported "listing records" attached to the Motion are not reliable. Defendants' Declaration of Li Xiating and Exhibit A thereto (Dkt. 83-2) assert that Defendants ceased offering the infringing product for sale no later than August 2018. (Dkt. 83, at 5 ("Defendant stores have stopped selling the allegedly infringing products by August 2018"); Dkt. 83-2, ¶¶ 3–6 & Ex. A.) That is false. As Defendants acknowledge elsewhere in their brief, Plaintiffs' evidence of Defendants' infringing conduct continued after August 2018. *Compare* Dkt. 83, at 5 (acknowledging that Plaintiffs' evidence of infringing conduct for dreamhouse2020, happyonlineshop, and salonmarket2020 dates to December 2018) *with* Dkt. 83-2, ¶¶ 4–6 & Ex. A ("dreamhouse2020 ceased selling the allegedly offending product on or about Aug. 31, 2018"; "happyonlineshop ceased selling the allegedly offending product on or about June 30, 2018"; "salonmarket2020 ceased selling the allegedly offending product on or about June 30, 2018"). Consequently, the purported listing records, which appear to have been created solely for

9

this litigation, are (at best) incomplete, and fail to account for the entire period of Defendants' infringing activities. There is no indication of how Defendants conducted its search, including the search parameters, or what the many "Customer SKU" numbers referenced correspond to. More importantly, Defendants have not submitted any evidence regarding their PayPal account transactions to show that they are not the proceeds of counterfeiting activities.

This issue mirrors the circumstances in *Monster Energy Co.* The defendants in that case argued that the preliminary injunction asset freeze should be modified and limited to an amount corresponding to the alleged infringing products offered for sale, rather than freezing their entire PayPal account. 136 F. Supp. 3d at 910. Recognizing the defendants' burden to show particular assets are not the proceeds of counterfeiting activities, the Northern District concluded that the defendants failed to meet that burden because they "have not submitted any evidence regarding their PayPal account transactions to show that these funds are not the proceeds of counterfeiting activities." *Id.* This case calls for the same result.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion to Dissolve Preliminary Injunction (Dkt. No. 83) in its entirety, and award Plaintiffs any further relief that the Court deems just and proper.

| | |
|---|---|
| Dated:  May 16, 2022 | Respectfully submitted, |
| | THOITS LAW |
| | /s/David E. Hutchinson |
| | David E. Hutchinson (Bar No. 6300078) |
| | 47 W Polk Street Ste 100 #221 |
| | Chicago, IL 60605 |
| | (650) 327-4200 |
| | dhutchinson@thoits.com |
| | *Attorneys for Plaintiffs* |
| | *ANTSY LABS, LLC and ZURU INC.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will notify all attorneys of record of the filing of this document.

/s/ *David E. Hutchinson*